**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>ASTRA VEDA CORPORATION,<br><br>Debtor. | Case No. 25-14283 KHT<br>Chapter 7 |

**ORDER ON MOTION TO CLARIFY AND FOR LIMITED RECONSIDERATION**

THIS MATTER comes before the Court on the *Motion to Clarify and for Limited Reconsideration of Minute Order (Docket 33) regarding Rule 2004 Examination and Omission of Paper-Filed Supplemental Statement (Docket 32)* (the "Motion to Clarify," docket #41), filed by James Michael Davis ("Mr. Davis"). The Court, having reviewed the pleadings and the file, and being advised in the premises, hereby finds and concludes as follows:

Mr. Davis is a former officer of the Debtor, Astra Veda Corporation. Several creditors (Ballistic Barrier Products Inc., Todd Baszucki, Disruptive Resources, LLC, and Scott Eppinga, together "Creditors") filed motions seeking to obtain discovery from Mr. Davis under Fed. R. Bankr. P. 2004 (docket ##12, 16, 23, 30, together the "Rule 2004 Motions"). Mr. Davis filed responsive pleadings, including an Objection and Motion for Protective Order (the "Protective Order Motion," docket #20) and a Supplemental Statement, Rebuttal, and Declaration (the "First Supplemental Statement," docket #31).

The Court held a hearing on October 29, 2025, at which Mr. Davis and Creditors appeared by phone. For the reasons stated on the record, the Court held the Rule 2004 Motions would be granted, and the Protective Order Motion would be denied (Minutes of Proceeding at docket #33). At the hearing, one of the Creditors noted the First Supplemental Statement appeared to be missing ten pages. Mr. Davis worked with the Court's Clerk's Office to submit a complete Supplemental Statement, Rebuttal, and Declaration (the "Second Supplemental Statement," docket #32). When the Second Supplemental Statement was docketed, the Clerk's Office indicated on the docket that the First Supplemental Statement should be disregarded, as is the Court's common practice when an incomplete or otherwise flawed document is replaced.

In his Motion to Clarify, Mr. Davis asks the Court to review the Second Supplemental Statement and to clarify the Creditors may not seek information from Mr. Davis personally or from other non-debtor entities such as Penobscot Enterprises.

The Court has compared the First Supplemental Statement, which the Court reviewed prior to the October 29 hearing, to the Second Supplemental Statement, which was filed after the hearing. The missing pages are pages 13-25 of the Second Supplemental Statement, consisting of the final page of Mr. Davis's conclusion and Exhibits A through E (part of Exhibit E was included in the First Supplemental Statement).

ORDER ON MOTION TO CLARIFY
Case No. 25-14283 KHT

The Court cannot find the missing pages change the Court's October 29 ruling. Mr. Davis appears to misapprehend the scope of Fed. R. Bankr. P. 2004, which provides, in part, as follows:

> (a) In General. On a party in interest's motion, the court may order the examination of any entity.
>
> (b) Scope of the Examination.
>
> > (1) In General. The examination of an entity under this Rule 2004 . . . may relate only to:
> >
> > > (A) the debtor's acts, conduct, or property;
> > >
> > > (B) the debtor's liabilities and financial condition; [or]
> > >
> > > (C) any matter that may affect the administration of the debtor's estate [.]

Fed. R. Bankr. P. 2004(a)-(b). The plain language of the rule allows any party in interest to examine any person or entity who may have discoverable information. As another Judge of this District explained:

> Proper purposes for a Rule 2004 examination include "discovering assets, examining transactions, and determining whether wrongdoing has occurred." As noted by Judge Sidney B. Brooks of this Court:
>
> > [I]n addition to the right to commence an adversary proceeding to determine dischargeability, the Bankruptcy Code provides significant other or supplemental rights to creditors. Indeed, while some of these rights may, and sometimes must, be pursued by the trustee on behalf of the estate, the creditors do not have to rely solely and exclusively on the efforts of the trustee. For example, 11 U.S.C. § 503 provides for compensation to creditors who recover assets for the estate.

*In re Martino*, No. 11-31115 MER, 2011 WL 5856327, at *2 (Bankr. D. Colo. Nov. 17, 2011) (footnotes omitted) (quoting *In re Buick*, 174 B.R. 299, 306 (Bankr. D. Colo. 1994)).

To the extent Mr. Davis, personally, has information regarding Debtor's assets, conduct, property, liabilities, financial condition, or any other matter affecting administration of Debtor's estate, he must answer questions within his knowledge and produce information within his possession, custody, or control. To the extent Penobscot Enterprises has or had relevant information, Mr. Davis must answer questions within his knowledge and produce information within his possession, custody, or control.

      In his Motion to Clarify and his Second Supplemental Statement, Mr. Davis argues he properly discharged his fiduciary duties. That may be true, but neither this Court nor Creditors are required to take his word for it without any discovery. Mr. Davis, personally, and Penobscot Enterprises are subject to discovery under Rule 2004.

      Accordingly, it is

      HEREBY ORDERED that the Motion to Clarify is DENIED.

Dated November 6, 2025                          BY THE COURT:

                                                                 Kimberley H. Tyson
                                                                 United States Bankruptcy Judge